MEMORANDUM OPINION



No. 04-06-00821-CR

No. 04-06-00822-CR

Willie GIBSON,

Appellant

v.

The STATE of Texas,

Appellee


From the 290th Judicial District Court, Bexar County , Texas

Trial Court Nos. 2004-CR-4707 & 2005-CR-7565

Honorable Sharon Ma cRae, Judge Presiding





PER CURIAM

 

Sitting: Sandee Bryan Marion , Justice

 Phylis J. Speedlin, Justice

 Rebecca Simmons, Justice



Delivered and Filed: February 7, 2007 



DISMISSED



 Pursuant to a plea bargain agreement, appellant, Willie Gibson, pled nolo contendere to possession of a controlled
substance. On October 23, 2006, the trial court imposed sentence and signed a certification of defendant's right to appeal
stating that this "is a plea-bargain case, and the defendant has NO right of appeal." See Tex. R. App. P. 25.2(a)(2). After
appellant filed his notice of appeal, the court clerk sent copies of the certification and notice of appeal to this court. See
Tex. R. App. P. 25.2(e). 

 Appellant filed a general pro se notice of appeal. See Tex. R. App. P. 25.2(a)(2) (in a plea bargain case, a defendant may
appeal only those matters raised in a written motion ruled on before trial or after obtaining the trial court's permission to
appeal). The clerk's record contains a written plea bargain agreement, and the punishment assessed did not exceed the
punishment recommended by the State and agreed to by the appellant; therefore, the trial court's certification accurately
reflects that appellant's case is a plea bargain case and he does not have a right of appeal. See Tex. R. App. P. 25.2(a)(2). 
Rule 25.2(d) provides, "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has
not been made part of the record under these rules." Tex. R. App. P. 25.2(d). Accordingly, on December 7, 2006, this court
issued an order stating these appeals would be dismissed pursuant to Rule 25.2(d) unless an amended trial court certification
that shows appellant has the right of appeal was made part of the appellate record. See Daniels v. State,110 S.W.3d 174
(Tex. App.--San Antonio 2003, order); Tex. R. App. P. 25.2(d); 37.1. No amended trial court certification has been filed;
therefore, these appeals are dismissed.



 PER CURIAM

DO NOT PUBLISH